RECEIVED
IN ALEXANDRIA, LA.

JUL 2 9 2014

TONY R. MOORE, CLERK
                  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

MARKSVILLE COLLISION CENTER

VERSUS

UNITED FIRE & INDEMNITY CO.

CIVIL ACTION NO. 12-2865

JUDGE TRIMBLE

MAGISTRATE JUDGE KIRK

---

## MEMORANDUM RULING

Before the court is a motion for partial summary judgment filed by plaintiff Marksville Collision Center ("MCC") in the above-captioned case.[1]  The court has reviewed the motion, as well as all supporting and opposing briefs and evidence, and finds that genuine issues of fact remain, which preclude a grant of summary judgment as requested and, accordingly, will deny plaintiff's motion in all respects.

### I.      BACKGROUND

#### Relevant Facts

The above-captioned suit is a contract action arising out of a policy of commercial property insurance ("Policy") issued by defendant United Fire & Indemnity Company ("United") in favor of MCC.[2]  MCC is an automotive body shop, wrecking and towing service located in Marksville, Louisiana and owned by Mr. and Mrs. Ricky Lachney.[3]  MCC asserts that its physical premises consist of a main building, a mixing room and a spray booth.[4]

---

[1] R. 37.
[2] Policy No. 60398991, effective January 1, 2010.  A complete copy of the policy is found at R. 37-3.
[3] R. 37-1 at p. 1.
[4] Id. at ¶ 2.

1

On August 29, 2010, a tree fell onto MCC's roof, which it alleges caused major damage to the main building, the mixing room and the spray booth.  An adjuster from United, Mr. David Fowler, visited MCC the same day in order to survey the damage.

MCC alleges that it received four (4) checks from United in the thirty (30) days following the tree collapse, as follows:

| Check No. | Date | Amount | Notation |
|-----------|------|--------|----------|
| 440301051 | 9/25/2012 | $19,658.73 | Paint Supplies Payment |
| 440301052 | 9/25/2012 | $41,850.00 | Roof and Electrical Repair Work Payment |
| 440301053 | 9/25/2012 | $3,977.25 | Fire Extinguisher and Fence Damage Payment |
| 440301085 | 9/25/2012 | $9,330.00 | Tree Removal Costs and Electrical Repair Work Final Payment[.][5] |

Mr. Lachney returned Check 440301085, bearing the notation of "final payment" and retained counsel because of his belief that the full value of MCC's claim had not been paid. MCC asserts that, since retaining counsel, United has issued several additional checks on its claims, each bearing the notation "unconditional tender[.]"[6]

MCC filed suit against United on October 22, 2012 in Louisiana's Twelfth Judicial District Court for the Parish of Avoyelles, seeking full payment of its claims for property damage and lost business income under the Policy.[7]  Additionally, MCC asserts that United violated its obligations under La. R.S. 22:1892.[8]  Specifically, MCC alleges that United arbitrarily and capriciously failed to pay the undisputed portions of its claims within the statutorily-mandated thirty (30) day window and similarly failed to make any unconditional tender on any claim until

---

[5] R. 37-1 at ¶ 10.
[6] Id. at ¶¶ 19-20.
[7] Complaint found at R. 1-4.
[8] R. 1-4 at ¶ IX.

approximately four (4) months after the claim was filed.[9]  MCC prays for relief in form of compensatory and punitive damages, as well as interest, court costs and attorney fees.[10]

This case is set for trial before the undersigned on November 12, 2014.  Plaintiff's motion was timely filed and has been fully briefed by the parties.

**Applicable Standard**

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law.  The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[11]  The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[12]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[13]  In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial.  The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a

---

[9] R. 37-2, generally.
[10] R. 1-4 at ¶ X.
[11] Fed. R. Civ. P. 56(c)(1)(A).
[12] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).

verdict in his favor.[14]   A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[15]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings.  If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[16]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[17] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[18]  The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[19]

## II.    ANALYSIS

La. R.S. 22:1892(A)(1) provides that an insurer must pay the undisputed portions of any claim within thirty (30) days of receipt of satisfactory proofs of loss from the insured or any party in interest.  Subsection (B)(1) penalizes an insurer who fails to fulfill its obligations under the statute by subjecting an insurer whose failure to make required payments or settlement

---

[14] Celotex, 477 U.S. at 325.
[15] Id.
[16] Id. at 322.
[17] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[18] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[19] Lujan, 497 U.S. at 888.

offers, when such failure is found to be arbitrary, capricious or without probable cause, to penalty in the greater amount of fifty percent (50%) of the damages found to be due the insured or $1000, plus reasonable attorney fees and costs.  In the event that the insurer has made a partial payment of the claim(s) at issue, the penalty is comprised of the greater of fifty percent of difference between the amount tendered and the amount found to be due, plus reasonable attorney fees and costs.  An insured seeking penalties under Section 1892 must show that: (1) the insurer received satisfactory proofs of loss; (2) the insurer failed to tender payment within thirty (30) days of receipt of such proofs of loss; and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause.[20]

### The Final Payment Check

MCC asserts that United was arbitrary and capricious in its issuance of the final payment check in the amount of $9330.  As described above, that check was designated as payment for tree removal costs and electrical repair.

United argues that although it is not known why that particular check bore a final payment notation, it was an error, as United has continued to pay out sums on MCC's claim since that date.[21]  United further argues that once the insured pointed out the error, it immediately reissued the check without the final payment notation.[22]

Recalling plaintiff's burden under La. R.S. 22:1892, the court finds that MCC fails to demonstrate the absence of material fact questions surrounding United's issuance of the final payment check.  Plaintiff makes no factual allegations regarding United's receipt of satisfactory

---

[20] La. R.S. 22:1892; Versai Mgmt. Corp. v. Clarendon Am. Ins. Co., 597 F.3d 729, 739 (5th Cir. 2010) quoting La. Bag Co. v. Audubon Indem. Co., 999 So.2d 1104, 1112-13 (La. 2008) and Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009).
[21] R. 39 at p. 5; Affidavit of Daussin [R. 39-2] at ¶¶ 8-10.
[22] Id.

proofs of loss as to tree removal and electrical repair costs, other than to state that its adjuster viewed the damage on August 29, 2010.[23]  Moreover, United argues that it was not arbitrary or capricious in tendering the final payment check because the notation was included in error and was not intended to be a final payment on MCC's claim.  Given United's immediate remedy in reissuing the check and in continuing to pay sums in satisfaction of MCC's claim, we find that MCC fails to demonstrate the absence of any fact question regarding whether United's issuance of the final payment check rises to the level of a "vexatious refusal to pay" as is required by Louisiana jurisprudence.[24]

Given the existence of genuine issues of material fact regarding elements of plaintiff's claim for statutory damages regarding the final payment check, the court finds that plaintiff's motion should be denied as to such claim.

**Business Loss Claim**

The Policy at issue provides coverage for lost business income due to "suspension" of "operations" during the "period of restoration" following damage to property.[25]  MCC alleges that United failed to unconditionally tender any undisputed amounts on its business loss claim until nearly four (4) months after receipt of satisfactory proofs of loss, in violation of its obligation to its insured under La. R. S. 22:1892.[26]  Specifically, MCC asserts that United

---

[23] The court notes that Mr. David Fowler, United's adjuster who visited MCC on August 29, 2010 to view the damage, is now deceased and, therefore, unavailable to contribute testimony in this matter.
[24] State Farm Mut. Auto. Ins. Co. v. Norcold, Inc., 88 So.3d 1245, 1258 (La. App. 3 Cir. 2012) citing Reed v. State Farm Auto. Ins. Co., 857 So.2d 1012 (La. 2003) and La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La. 1993).
[25] Policy [R. 37-3] at ¶ A(4)(e).
[26] R. 37-2 at pp. 16-17.

received satisfactory proofs of loss on December 4, 2010 when it forwarded to United its monthly financial statements.[27]

United argues that summary judgment is inappropriate as to this MCC's business loss claim because there is insufficient evidence before the court as to (1) when satisfactory proofs of loss were received by United and (2) the amount of MCC's business loss claim.  Specifically, United asserts that the information provided to it on December 4, 2010 consisted of a report by Edwin Brevelle opining that MCC experienced lost daily income in the amount of $969.89.[28] MCC and United agree that the "restoration period" for this claim is thirty (30) days.  After receiving MCC's December 4, 2010 correspondence regarding business loss, United hired its own expert, Ms. Anita Zimmer, to generate a report on business loss.  Ms. Zimmer concluded that MCC's business loss claim should be valued at $3328.05 – the amount unconditionally tendered on this claim in March of 2013.[29]

MCC urges the court to conclude that the $3328.05 tender by United was both late and far too low to fulfill United's statutory obligation in this case.  The evidence before the court demonstrates that, at the very least, genuine issues of material fact exist regarding when United received satisfactory proofs of loss as to MCC's business loss claim and whether or not United's $3328.05 unconditional tender may fairly be said to have represented the undisputed portion of that claim at the time of tender.

Given the disparities between the expert reports of both parties, the court finds that United has demonstrated a genuine dispute as to the quantum of MCC's business loss claim.

---

[27] Id. at p. 16.
[28] Brevelle report found at R. 37-15
[29] R. 37-2 at p. 16.

Louisiana law permits an insurer to decline to pay the disputed portion of a claim when it has a reasonable basis to dispute the nature or quantum of an insured's claim.[30]  We find, accordingly, that summary judgment is not appropriate in this matter and plaintiff's motion will be denied as to this claim.

## III.   CONCLUSION

For the reasons expressed above, the court finds that MCC has failed, as the movant, to show the absence of genuine fact disputes regarding both the final payment check and its business loss claim.  Given this conclusion, the court will deny MCC's motion in all respects, preserving these issues for further proceedings.

Alexandria, Louisiana
July 29, 2014

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[30] Reed v. State Farm Mut. Ins. Co., 857 So.2d 1012 (La. 2003); Crawler Supply Co. v. Bituminous Cas. Corp., 391 So.2d 1223, 1225 (La. App. 1 Cir. 1980).